## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Joshua Van Laan,

                Plaintiff,

vs.

Macomb County, *et al.*,

                Defendants.

Case. No.  23-10146

Judith E. Levy
United States District Judge

Mag. Judge Curtis Ivy, Jr.

_____/

## OPINION AND ORDER GRANTING DEFENDANT MACOMB COUNTY'S MOTION FOR ATTORNEY FEES [50]

Before the Court is Defendant Macomb County's Motion for attorney fees. (ECF No. 50.) On May 24, 2024, the Court granted Defendants' motions for sanctions and dismissed the case with prejudice pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) for failure to comply with a court order to provide or permit discovery. (ECF No. 47; ECF No. 49, PageID.699.)

Plaintiff Joshua VanLaan, who is an attorney, failed to respond to several Interrogatories and Requests for Production, despite the Court's January 16, 2024 order and despite receiving a subpoena duces tecum.

(*Id.* at PageID.695, 699.) Plaintiff also cancelled the date of his deposition several times with little notice in early January of 2024, and was ordered by the Court on January 16, 2024, to appear for his deposition. (*Id.* at PageID.694, 703; ECF No. 42, PageID.524.) Plaintiff's deposition began on February 9, 2024, and the parties scheduled a continuation for March 5, 2024. (ECF No. 49, PageID.697.) On March 4, 2024, Plaintiff's counsel, Mr. Brian Dailey, cancelled the deposition with little notice yet again, and gave conflicting reasons for the cancellation, stating in one email that Mr. Dailey was sick, and in another email that Plaintiff was sick. (*Id.* at PageID.697–698.) Meanwhile, Plaintiff made an appearance as counsel in state court on March 5, 2024, and conducted an examination. (*Id.* at PageID.698.)

The Court granted Defendants' motions for sanctions on May 24, 2024. (ECF No. 47.) Because the motions for sanctions were granted, "the [C]ourt must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P.

37(b)(2)(C). Defendant Macomb County filed a motion for attorney fees, and Plaintiff did not file a response.[1] (ECF No. 50.)

## I.    Legal Standard

Courts in the Sixth Circuit determine attorney fees awards under Rule 37 using the "lodestar method." *See Nelson v. Ricoh, USA*, No. CV 17-11390, 2018 WL 6728392, at *1 (E.D. Mich. Mar. 1, 2018); *Boykins v. Trinity, Inc.*, No. CV 18-13931, 2021 WL 9772283, at *1 (E.D. Mich. May 11, 2021); *Watkins & Son Pet Supplies v. Iams Co.*, 197 F. Supp. 2d 1030, 1032 (S.D. Ohio 2002). The Sixth Circuit describes the "lodestar method" as follows:

> A starting point is to calculate the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. (This is known as the "lodestar" calculation.) The court should then exclude excessive, redundant, or otherwise unnecessary hours.

*Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994) (cleaned up).

---

[1] Pursuant to the Court's May 24, 2024 order, Defendants' motion for attorney fees was due on June 6, 2024, and Plaintiff's response was due on June 20, 2024. (ECF No. 47, PageID.686.) On June 18, 2024, Plaintiff's counsel filed a motion to withdraw (ECF No. 52), but it was stricken for failure to follow Federal Rule of Civil Procedure 11. (ECF No. 53.) Plaintiff's counsel was instructed to refile the motion by June 25, 2024, and Plaintiff's response to the motion for attorney fees was given a new deadline of July 8, 2024. (*Id.*) However, as of the date of this order, Plaintiff did not file either document.

The party seeking fees has the burden of "documenting its work." *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 617 (6th Cir. 2007). In determining attorney fees and costs, the Court has significant discretion, which is "entitled to substantial deference." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). "A district court may rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Van Horn v. Nationwide Prop. and Cas. Ins. Co.*, 436 Fed. App'x 496, 499 (6th Cir. 2011).

## II.   Analysis

Defendant Macomb County requests $11,629.45 in attorney fees. (ECF No. 50, PageID.726.) Specifically, Macomb County requests $2,841.45 for Macomb County, $5,180.00 for Defendant Lucido, and $3,608.00 for Defendant Fresard. (*Id.* at PageID.725.) According to Macomb County, Defendants Lucido and Fresard's attorneys were retained and paid by the County. (*Id.* at PageID.718.)

### A. Determining a reasonable rate

Hourly rates for counsel are set according to the "prevailing market rate in the relevant community," which in this case is the Eastern

District of Michigan. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). A reasonable fee is intended to "attract competent counsel yet [] avoid[] producing a windfall for lawyers." *Id.* at 349.

The hourly rates requested are as follows:

- John A. Schapka, attorney for Macomb County: $149.55 per hour. (ECF No. 50-2, PageID.731.)
- Timothy S. Ferrand, attorney for Peter Lucido: $200.00 per hour. (ECF No. 50-3, PageID.736.)
- John Perrin, attorney for Donn Fresard, $220.00 per hour. (ECF No. 50-4, PageID.739.)

To justify these rates, the attorneys rely on the State Bar of Michigan's 2023 Economics of Law Survey Results. (ECF Nos. 50-2, 50-3, 50-4, 50-5.)

Mr. Schapka states that he has practiced law for about 40 years and is located in Mt. Clemens, Michigan. (ECF No. 50-2, PageID.732.) The median rate for attorneys with over 35 years of experience is $300.00 per hour, and the mean is $339.00 per hour. (*Id.* at PageID.732; ECF No. 50-5, PageID.747.) The median rate for attorneys in the Mt. Clemens area is $300.00 per hour, and the mean is $307.00 per hour. (ECF No. 52-2, PageID.732; ECF No. 50-5, PageID.748.) The Court finds that a $149.55 per hour rate for Mr. Schapka is reasonable because it is under the 25th

percentile rate for attorneys in his location and with his level of experience.

Mr. Ferrand and Mr. Perrin do not provide information about their levels of experience. (ECF Nos. 50-2, 50-3.) Mr. Ferrand's office is located in Clinton Township, which is in Macomb County. (*Id.*)  The 25th percentile for attorneys located in the Macomb County (outside of Mt. Clemens) area is $250.00 per hour, the mean is $300.00 per hour, and the mean is $320.00 per hour. (ECF No. 50-5, PageID.748.) The 25th percentile for attorneys in the Employment law (defense) field is $250.00 per hour, the mean is $325.00 per hour, and the mean is $354.00 per hour. (*Id.* at PageID.749.) The Court finds that a $200.00 per hour rate for Mr. Ferrand is reasonable because it is under the 25th percentile rate for attorneys in his location and in his field of practice.

Mr. Perrin's office is located in Mt. Clemens. (ECF No. 50-4.) The 25th percentile for attorneys for attorneys in the Mt. Clemens area is $250.00 per hour, the median rate is $300.00 per hour, and the mean is $307.00 per hour. (ECF No. 50-5, PageID.748.) The 25th percentile for attorneys in the Employment law (defense) field is $250.00 per hour, the mean is $325.00 per hour, and the mean is $354.00 per hour. (*Id.* at

PageID.749.) The Court finds that a $220.00 per hour rate for Mr. Perrin is reasonable because it is under the 25th percentile rate for attorneys in his location and in his field of practice.

## B. Determining reasonable hours

Next, the Court must "calculate the number of hours reasonably expended" on the motions for sanctions and "exclude excessive, redundant, or otherwise unnecessary hours." *Wayne*, 36 F.3d at 531.

Mr. Schapka states that he spent 19 hours on work related to the County's motion for sanctions. (ECF No. 50-2, PageID.731.) This includes drafting the motion for sanctions, his appearance at the hearing on sanctions, and drafting the motion for attorney fees.

Mr. Ferrand states that he spent 24.9 hours on work related to Defendant Lucido's motion for sanctions. (ECF No. 50-3, PageID.735–736.) This includes drafting the motion for sanctions, drafting the supplemental brief, reviewing the other Defendants' motions for sanctions, and his appearance at the hearing on sanctions.

Finally, Mr. Perrin states that he spent 16.4 hours on work related to Defendant Fresard's motion for sanctions. This includes drafting the motion for sanctions, reviewing the other Defendants' submissions, and

his appearance at the hearing on sanctions. The Court finds that the time spent by all three attorneys is reasonable.[2]

### C. Plaintiff and Plaintiff's counsel are joint and severally liable for fees

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), "[i]nstead of or in addition to [the order dismissing the case], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Here, Plaintiff's failure to respond to the Interrogatories and the Requests for Production, and Plaintiff's failure to complete his deposition, are not substantially justified, nor do other circumstances make an

---

[2] Mr. Schapka, Mr. Ferrand, and Mr. Perrin all request attorney fees for travel related to the hearing on the motions for sanctions. (*See* ECF No. 50-2, 50-3, 50-4.) "The Sixth Circuit has often found travel time to be compensable if determined by the district courts to be the local practice regarding payment for travel time." *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 372 (6th Cir. 2014) (quoting *Monroe v. FTS USA, LLC*, No. 2:08–cv–02100–JTF–cgc, 2014 WL 4472720, at *7 (W.D. Tenn. July 28, 2014)). Courts in the Eastern District of Michigan frequently include time spent traveling in an award of attorney fees. *See, e.g.*, *Caudill v. Sears Transition Pay Plan*, No. 06-12866, 2011 WL 1595044, at *15 (E.D. Mich. Apr. 26, 2011); *Lakin v. Bloomin' Brands, Inc.*, No. 17-CV-13088, 2019 WL 13199936, at *1 (E.D. Mich. Dec. 30, 2019). As such, the Court will allow travel time to be included in the hours reasonably expended on the motions for sanctions.

award of expenses unjust. In fact, the Court found that Plaintiff and Mr. Dailey's conduct was contumacious and that both exhibited troubling behavior. (ECF No. 49, PageID.701–703.) Both Plaintiff and Mr. Dailey were fully aware that they were required to respond to interrogatories and requests for production, but failed to do so for nearly a year. (*Id.*) Further, Mr. Dailey's inconsistent reasons for cancelling the March 5, 2024 deposition and Plaintiff's appearance in state court for a different case (despite his supposed illness) demonstrates that Plaintiff and/or his attorney were dishonest. (*Id.*)

Finally, the Court will hold both Plaintiff and Mr. Dailey jointly and severally liable for this award of attorney fees. As set forth above, both Plaintiff and Mr. Dailey hold some level of responsibility for Plaintiff's failure to follow the discovery order, which led to the dismissal of this case.

## III.  Conclusion

For the reasons set forth above, the Court GRANTS Defendant Macomb County's motion for attorney fees. (ECF No. 50.) Plaintiff and Plaintiff's counsel, Brian Dailey, are jointly and severally liable to Defendant Macomb County for $11,629.45 in attorney fees.

IT IS SO ORDERED.

Dated: October 17, 2024                    s/Judith E. Levy
      Ann Arbor, Michigan              JUDITH E. LEVY
                                     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 17, 2024.

                                   s/Teresa McGovern
                                   TERESA MCGOVERN
                                   Case Manager